[Civil No. 652.    Filed March 15, 1899.]

[56 Pac. 719.]

GEORGE BRAVIN, Relator and Appellant, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF TOMBSTONE, Respondents and Appellees.

1. LOAN COMMISSION—MANDAMUS—TO COMPEL CITY AUTHORITIES TO DEMAND FUNDING—ACT OF CONGRESS APPROVED JUNE 25, 1890, AND LAWS OF ARIZ. 1891, ACT NO. 79, APPROVED MARCH 19, 1901, CONSTRUED—WHO MAY DEMAND FUNDING.—A complaint for a peremptory writ of *mandamus* to compel the mayor and common council of the city of Tombstone to report to the loan commissioners of the territory certain warrants held by the petitioner, and to demand of said loan commissioners that they fund said indebtedness, as provided by law, is subject to demurrer as, under the act of Congress approved June 25, 1890,—it is doubtful whether it is mandatory upon the authorities of any city, unless upon the written demand of the loan commissioners, to report the bonded and outstanding indebtedness not already funded.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Appellant.

James Reilly, and William Herring, for Appellees.

SLOAN, J.—The appellant applied in the court below for a peremptory writ of *mandamus* against the mayor and common council of the city of Tombstone to compel the latter to report to the loan commissioners of the territory certain indebtedness of said city, evidenced by certain warrants held

by him, and to demand of said loan commissioners that they redeem and fund said warrants by the issuing of bonds in exchange for the same, as provided by the provisions of the various funding acts of Congress and ·of the territory for the funding of the outstanding indebtedness of municipalities. In substance the complaint sets forth that during the years 1891, 1892, and 1893 various warrants were drawn by the auditor of the city of Tombstone upon the salary fund of said city for the payment of salaries due various officers of said city; that each of said warrants was duly presented to the city treasurer, and by this officer indorsed "Presented and not paid for want of funds"; that each of said warrants has been duly assigned by indorsement to the plaintiff, who is now the holder and owner thereof for value; that the legally constituted officers of the said city had full knowledge of the execution of said warrants, of their presentation to the treasurer, and of their assignment to the plaintiff, and that the money specified in said warrants was and is a lawful charge against the said city of Tombstone; that none of said warrants have been paid, and the same are now evidence of valid and legal indebtedness of said city, and are fundable under the provisions of the various funding acts of Congress and of the territory; that by said acts it is made the duty of the mayor and common council of said city to report to the loan commissioners of the territory the said indebtedness, and to make demand for the redemption and funding of the same; that he did, on the twenty-fourth day of December, 1896, in writing make demand upon the said mayor and common council that they report said indebtedness to said loan commissioners, and fund the same in accordance with the law; that, notwithstanding his said demand, the said mayor and common council have failed and refused, and still refuse, to take any steps looking to the funding of said indebtedness. The complaint was demurred to, and the demurrer sustained by the trial court. From the ruling sustaining the demurrer, and from the judgment dismissing the complaint, this appeal is taken.

Whether or not, as found by the trial court, the complaint be defective, in not alleging that demand had been made for the payment of the warrants, or any of them, and payment refused, and in not alleging that the city of Tombstone had

not funds with which to pay the same, we find it unnecessary to decide, for the reason that the complaint would be bad, even were these allegations properly pleaded. The act of Congress approved June 25, 1890, contained the provision that "the boards of supervisors of the counties, the municipal and school authorities are hereby authorized and directed to report to the loan commissioners of the territory their bonded and outstanding indebtedness, and said loan commissioners may, on written demand, require an official report from the board of supervisors of counties, the municipal or school authorities, of their bonded and outstanding indebtedness, and the said loan commissioners shall provide for the redeeming or funding of the county, municipal and school district indebtedness, upon the official demand of said authorities, in the same manner as other territorial indebtedness," etc. It is doubtful, under this provision of the law, whether it is made the mandatory duty of the authorities of any city, unless upon the written demand of the loan commissioners, to report the bonded and outstanding indebtedness of such city. The language, "authorized and directed," might imply, in connection with the subsequent provision that the loan commissioners, "upon the official demand" of the municipal authorities, "shall provide for the redeeming or the funding" of the municipal indebtedness, that such was not the intent of the act. At any rate, the act of June 25, 1890, was utterly silent as to the right of the holder of any warrants or other outstanding indebtedness to compel either the municipal authorities or the loan commissioners to take any steps required for the funding of such indebtedness. It was doubtless for this reason that the territorial act of March 19, 1891, provided that "any person holding bonds, warrants or other evidence of indebtedness of the territory of any county, municipal or school district within the territory, . . . may exchange the same for the bonds issued under the provisions of this act," etc. As the law stood, therefore, after March 19, 1891, it was the duty of the loan commissioners to fund the outstanding indebtedness of municipalities—first, upon the official demand of municipal authorities; second, upon the application of the holders of such outstanding bonds, warrants, and other evidences of indebtedness as had not been funded. This was the view taken of these provisions of the

law by the supreme court of the United States in *Utter* v. *Franklin* (decided January 3, 1899, and not yet officially reported), 172 U. S. 416, 19 Sup. Ct. 183. It follows, therefore, that appellant, in applying for the writ of mandamus against the municipal authorities of the city of Tombstone, to compel the latter to report the outstanding indebtedness of the said city held by him, and to demand the funding of said indebtedness from said loan commissioners, has mistaken his remedy. The judgment of the court below is therefore affirmed.

Street, C. J., and Doan, J., concur.